IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio Nathaniel Eschief,<br><br>　　　　　Petitioner,<br><br>v.<br><br>United States of America,<br><br>　　　　　Respondent. | No. CV-21-01276-PHX-JJT (CDB)<br>No. CR 16-01534-PHX-JJT<br><br>**ORDER** |

At issue is the Report and Recommendation (Doc. 14, "R&R") submitted in this matter by United States Magistrate Judge Camille D. Bibles, recommending that the Court deny Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1). In the R&R, Judge Bibles warned the parties that they "shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court." (Doc. 10 at 16). Judge Bibles further warned the parties that "failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance [of the R&R] by the district court without further review," and "failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation." (Doc. 14 at 21.)

Judge Bibles's R&R was entered February 18, 2022. Because Petitioner is not registered as a participant on the Court's ECF system for electronic service, service of the

R&R upon him was affected by mail that same day, pursuant to Rule 5(b)(2)(C), Fed. R. Civ. P., and Petitioner's 14-day deadline was extended by three days to account for mailing as provided in Rule 6(d), Fed. R. Civ. P. Thus, Petitioner had a total of 17 days, or until March 7, 2022, to file any objections to the R&R. He filed no objections, either by that deadline or at any time thereafter. More than two months have elapsed since the deadline for objections expired. Petitioner therefore has waived his right to *de novo* appellate consideration of the issues before the Court and its findings and conclusions in this Order.

The Court nonetheless evaluated the R&R on its merits, and upon doing so, concludes that Judge Bibles's reasoning and recommendations are all sound and thoroughly discussed. It therefore will adopt the R&R, including its analysis, in whole. Petitioner's judgment of conviction became final on December 24, 2018, when 14 days had elapsed since its entry and Petitioner had not filed any notice of direct appeal. Section 2255's one-year limitations period then began to run, and expired December 25, 2019. Petitioner filed his motion July 22, 2021—that is nearly 19 months too late, and as Judge Bibles correctly reasoned, Petitioner has shown no cause—no legitimate excuse—for missing the deadline that would justify equitable tolling. Moreover, Judge Bibles exhaustively identified those provisions of the plea agreement, the change of plea colloquy and the sentencing hearing which demonstrate Petitioner knowingly, intelligently and voluntarily waived his right to collaterally attack his sentence as he attempts to do now, for all relevant purposes except for ineffective assistance of counsel. As to his ineffective assistance claim, Judge Bibles also set forth correctly in the R&R citations to the record demonstrating that on the merits, Petitioner's claims that counsel misled him in negotiating and tendering his plea are without support, and are in fact contradicted thoroughly by his own statements under oath at the change of plea and sentencing hearings. (Doc. 14 at 19.)

**IT IS ORDERED** adopting in whole Judge Bibles's R&R (Doc. 14) and denying Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1).

. . . .

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and terminate this matter.

Dated this 16th day of May, 2022.

_____
Honorable John J. Tuchi
United States District Judge

.